IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ADVOCATING DISABILITY
RIGHTS, et al.,
Plaintiffs

v.                                      CIVIL NO. 05-1182(DRD)

POSADAS DE SAN JUAN
ASSOCIATES, d/b/a
El San Juan Hotel
and Casino,
Defendant

| MOTION | ORDER |
| --- | --- |
| **Date Filed:06/02/06**<br>**Docket #22**<br>[ ] **Plaintiff**<br>[X] **Defendant**<br>**Title:** Motion for a More Definite Statement | **GRANTED.** Plaintiffs are to provide more definite statements relating to their claims specifically addressing the issue of "goods and services" allegedly made inaccessible by "architectural barriers and their location within defendant's premises. Plaintiffs are **ORDERED** to provide specific descriptions of the alleged physical, communication, and/or structural/architectural barriers and/or their location within the hotel's premises. Furthermore, plaintiffs shall provide specific averments relating to the policies, practices and/or procedures which discriminate against plaintiffs by failing to make reasonable accommodations. Finally, plaintiffs shall provide a more detailed factual scenario (more definite statements) relating to those instances the hotel premises were visited by plaintiffs and the facts that gave rise to the instant complaint occurred. **Pursuant to Rule 12(e), Fed.R.Civ.P., plaintiffs are GRANTED until August 4, 2006, to fully comply with this Order. This is a FIRM DATE.**<br>The Court notes that the Minutes of Proceedings held on February 8, 2006, Docket No. 20, counsel for plaintiffs represented to the Court that an expert report had been prepared and would be forwarded to defendants to expedite discovery and simplify issues hence, the instant resolved matter is to be included in said expert report.<br>**Finally, plaintiffs are forewarned that pursuant to rule 12(e), Fed.R.Civ.P., should plaintiffs fail to provide a more definite statements within the deadline provided herein, the Court may impose sanctions including striking the complaint allegations and dismissing with prejudice the instant complaint. Plaintiffs are forewarned that any request for an extension of time to comply with this Order shall be SUMMARILY DENIED.** |

| | |
|---|---|
| **Date Filed:06/02/06** <br> **Docket #23** <br> [ ] **Plaintiff** <br> [X] **Defendant** <br> **Title:** Motion Requesting Non-Resident Bond | **GRANTED.** Local Rule 65.2(c) requires that a plaintiff not domiciled in Puerto Rico may be required to post a bond to secure the costs, expenses, and attorney's fees which may be awarded against him. Plaintiff, William Norkunas and Advocating for Disability Rights, Inc., are non-residents plaintiffs, fact not challenged by plaintiffs in their opposition to defendants' request for non-resident bond. Hence, **co-plaintiffs** William Norkunas and Advocating for Disability Rights, Inc., are **ORDERED** each to deposit on or before the **1st day of September 2006** in the Clerk's Office the amount of **ONE THOUSAND DOLLARS ($1,000.00)** as non-resident bond. The Court is reluctant to increase the bond pursuant to the doctrine set forth in *Murphy v. Ginorio*, 989 F.2d 566 (1993), and *Aggarwal v. Ponce School of Medicine*, 745 F.2d 723 (1984)(non-resident bonds are not to be imposed as toll booth barriers to federal jurisdicition). **Should plaintiff fail to deposit the Non-Resident Bond within the time provided, the Court shall dismiss the instant action. See Local Civil Rule 65.2(c).** |

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 20th day of July 2006.

              S/DANIEL R. DOMINGUEZ
              DANIEL R. DOMINGUEZ
              U.S. DISTRICT JUDGE